UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-81534-CIV-MARRA

LINDA S. BEDNARCIK,

Plaintiff,

vs.

TITAN AMERICA LLC, a/a/f TARMAC
AMERICA LLC, a foreign corporation, and
TARMAC AMERICA, LLC, a foreign
corporation,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant's Motion to Strike; Motion to Dismiss; Motion for More Definite Statement; or Alternatively, Partial Summary Judgment (DE 7), filed February 13, 2009.  Plaintiff filed her response on March 2, 2009 (DE 8).  No reply memorandum was filed.  The Court has carefully considered the motion and is otherwise fully advised in the premises.

I. Background

Plaintiff Linda Bednarcik ("Plaintiff") brings this seven-count Amended Complaint against Defendants Titan America LLC and Tarmac America LLC ("Defendants") alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. (counts one and five), violations of the Florida Civil Rights Act ("FCRA"), Florida Statute § 760 (counts two and six), a violation of 42 U.S.C. § 1981 (count three), a violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. (count four) and negligent

supervision (count seven).

The Amended Complaint alleges the following: Plaintiff, a 56-year old African-American woman, was wrongfully terminated from her employment with Defendant. Although Plaintiff was told she was being let go due to poor work performance because she did not communicate an incident to her supervisor, younger white men who committed the same or similar acts were not terminated. (Am. Compl. ¶ 11; Charge of Discrimination, Ex. A, DE 1.) Prior to Plaintiff's termination, Plaintiff's assistant, a younger white man with less experience and inferior qualifications, was promoted over Plaintiff. When Plaintiff complained, her supervisor told her that no one would take directives from a woman seriously and that a man needed to occupy the position to which she had sought promotion. Shortly after that, Defendant terminated Plaintiff. (Am. Compl. ¶ 12.) Plaintiff was denied the promotion due to her race, gender and/or age and terminated because of her race, gender and/or age. (Am. Compl. ¶ 13.) Moreover, Plaintiff's race, gender and/or age were the motivating factors in the adverse employment actions and, but for these factors, Defendant would not have denied Plaintiff's promotion or terminated her. (Am. Compl. ¶ 14.) Plaintiff engaged in protected activity when she complained about the denial of her promotion due to her race, gender and/or age and was terminated as a result. (Am. Compl. ¶¶ 58-59, 67-68.) Defendant knew or should have known of the unwillingness of its supervisory personnel to adhere to employment discrimination laws. (Am. Compl. ¶ 76.) Based on these acts, Plaintiff suffered injuries. (Am. Compl. ¶¶ 15-17.) Plaintiff has complied with all conditions precedent; namely, the administrative procedures of the Equal Employment Opportunity Commission. (Am. Compl. ¶ 8.)

Defendants argue that the Amended Complaint should be stricken because it is an

unsigned document.  Defendants contend that by failing to allege the date of the promotion at issue and by combining the allegations of retaliation with the allegations of discrimination, the Amended Complaint is impermissibly vague.  Moreover, Defendants assert that the Amended Complaint should be dismissed for "fail[ing] to allege any basic facts surrounding [Plaintiff's] promotion and termination," or any facts to state a claim for discrimination, retaliation, or negligent supervision. (Mot. at 3-4.)  Lastly, Defendant states that all of Plaintiff's allegations are time-barred.

### II.  Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed.R.Civ.P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b) (6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### III.  Discussion

After careful review of the Amended Complaint, the Court finds that it sufficiently alleges claims for discrimination, retaliation and negligent supervision.  The crux of Defendants' problem

with the Amended Complaint is the omission of an exact date when Plaintiff was denied the promotion. The Court finds that it is adequate for Plaintiff to state that the termination occurred "shortly after" Plaintiff's conversation with her supervisor about being passed over for the promotion. (Am. Compl. ¶ 12.) A more specific date can be ascertained through the discovery process.

Oddly, at the same time, Defendant states that it is "undisputed" that the denial of the promotion occurred twenty-one months prior to the termination, on January 1, 2005, and, as a result, Plaintiff's discrimination claims are time-barred and there is no causal connection "between the January 1, 2005 denial of promotion and [Plaintiff's] September 26, 2006 termination." (Mot at. 3, 5 and n.2.) In support of these assertions, Defendant attaches a Notice of Determination from the Palm Beach County's Office of Equal Opportunity. (December 10, 2007 Notice, Ex. C, DE 7-4.) Of course, it is axiomatic that, at the motion to dismiss stage, the scope of the Court's review is limited to the four corners of the complaint. St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002). Thus, the Court will disregard this exhibit as well as the proposed date of January 1, 2005 supplied by Defendant.

Moreover, given that Plaintiff has alleged that all conditions precedent have been complied with, there is no basis to find, at the pleading stage, that Plaintiff's discrimination claims are time-barred. See Fed. R. Civ. P. 9(c) (in pleading conditions precedent, the Federal Rules of Civil Procedure require only that conditions precedent be alleged "generally"); Fitz-Patrick v. Commonwealth Oil Co., 285 F.2d 726, 729-30 (5th Cir. 1960) (sufficient to allege that "all

conditions precedent have been performed or have occurred");[1] Thompson v. Kindred Nursing Ctrs. East, LLC, 211 F. Supp. 2d 1345, 1355 (M.D. Fla. 2002) (allegation that "all conditions precedent to the filing of this action have been satisfied or occurred" is sufficient); cf. Jackson v. Seaboard Coast Line R. Co., 678 F.2d 992, 1009 (11th Cir. 1982) (because Title VII procedural requirements are construed as conditions precedents, a party that disagrees "with a general averment that the conditions precedent have been met [must] raise the issue with a specific and particular denial").  Furthermore, with respect to the retaliation claims, to the extent that Defendant wishes to litigate the causal connection issue, that argument is best left for the summary judgment stage.[2]

      Finally, the Court rejects Defendant's request to strike the Amended Complaint pursuant to Rule 11 of the Federal Rules of Civil Procedure for Plaintiff's counsel failure to sign the Amended Complaint.  Rule 11 does require that a pleading be signed by an attorney of record and that the Court strike an unsigned paper unless the omission is promptly corrected. Fed. R. Civ. P. 11.  In addition, Rule 3J(1) of the Southern District of Florida Administrative Procedures states that electronic documents that require signatures shall be signed with an "s/" signature.  According to Defendants, Plaintiff's counsel was made aware that the Amended Complaint did not comport with Rule 11. (Mot. at 3.)  Plaintiff explains that Plaintiff's counsel inadvertently

---

[1] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

[2] The Court assumes this argument is the basis for labeling this motion as an alternative motion for summary judgment.

omitted the "s/" signature, but upon being notified of this omission, mailed a signed copy of the Amended Complaint to Defendant's counsel. Defendants do not refute this statement. Thus, Plaintiff's counsel promptly corrected this error and therefore this is not a basis to strike the Amended Complaint.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Strike; Motion to Dismiss; Motion for More Definite Statement; or Alternatively, Partial Summary Judgment (DE 7) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 15th day of June, 2009.

_____
KENNETH A. MARRA
United States District Judge